UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DEAN JONES,

        Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO; *et al.*,

        Defendants.
_____/

No. C-12-2870 EMC (pr)

**ORDER OF SERVICE**

## I.    INTRODUCTION

Michael Dean Jones, an inmate at the San Francisco County Jail # 5, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.    BACKGROUND

Plaintiff is an inmate at the San Francisco County Jail, although he does not state in his complaint whether he is incarcerated as a pretrial detainee or following a conviction. Plaintiff alleges that, on August 9, 2011, he was complaining about a correctional officer and a rule change at the jail. Officer Jones allegedly heard the complaints, summoned Plaintiff to the podium, and directed him to "cuff up." Docket # 1, p. 3. Plaintiff allegedly turned around to be hand-cuffed and laid across a table. Officer Jones allegedly pulled Plaintiff off the table and "ran [plaintiff] into the podium." *Id.* Officer Jones allegedly then pulled Plaintiff from the podium, kicked Plaintiff's feet out from under him and slammed him into the floor.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). The Eighth Amendment's prohibition of cruel and unusual punishments protects a convict from force used maliciously and sadistically for the very purpose of causing harm. *See generally Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Liberally construed, the complaint states a § 1983 claim against defendant officer Jones for excessive force, regardless of whether the claim arises under the Eighth or Fourteenth Amendment.

The complaint lists officer Gonzalez and sergeant Kesslier as additional individual defendants, but contains no allegations against them. Officer Gonzales and sergeant Kesslier are DISMISSED because neither of them is alleged to have participated in the use of force or otherwise caused any violation of Plaintiff's constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).

The complaint also lists the City and County of San Francisco as a Defendant, but contains no allegations against this Defendant. It appears that Plaintiff has named the City on a theory of respondeat superior. A city or county may not be held vicariously liable under § 1983 for the unconstitutional acts of its employees under the theory of respondeat superior. *See Board of Cty.*

*Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997).  Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 (1978).  To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.  *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).  Plaintiff has not made any such allegations.  The municipal defendant is DISMISSED without prejudice to Plaintiff alleging a *Monell* claim against the municipal defendant.

## IV.  CONCLUSION

1.  The complaint states a cognizable § 1983 claim against officer Jones for excessive force.  All other Defendants and claims are dismissed.

2.  The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon San Francisco Sheriff's officer Jones, who apparently is employed at the San Francisco County Jail # 5.

3.  In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a.  No later than **January 18, 2013**, Defendant must file and serve a motion for summary judgment or other dispositive motion.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due.  If Defendant files a motion for summary judgment, Defendant must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time he files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).  If Defendant files a motion to dismiss for non-exhaustion of administrative remedies, Defendant must provide to Plaintiff a notice regarding motions to dismiss for non-exhaustion procedures at the time he files such a motion.  *See Stratton v. Buck*, No. 10-35656, slip op. 11477, 11483 (9th Cir. Sept. 19, 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than **February 15, 2013**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

   c. If Defendant wishes to file a reply brief, the reply brief must be filed and served no later than **March 1, 2013**.

  4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).
>
> The defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies or were excused from doing so. The evidence may be in the form of declarations (that is, statements of fact signed under penalty of perjury) or authenticated documents (that is, documents accompanied by a declaration showing where they came from and why they are

authentic), or discovery documents such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial. *See generally Stratton v. Buck*, slip op. at 11483-84.

5. All communications by Plaintiff with the Court must be served on a Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that Defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

IT IS SO ORDERED.

Dated: November 6, 2012

_____
EDWARD M. CHEN
United States District Judge